FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

00 JAN 25 PM 2: 47

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| RENT-A-WRECK OF AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) CIVIL ACTION NO. 99-G-0062-S | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY; JAMES ) | |
| SMITH; EVERLENA GRIFFIN, ) | |
| ) | |
| Defendants. ) | |

ENTERED

JAN 2 5 2000

## MEMORANDUM OPINION

This cause is before the court upon the motion of defendant State Farm Mutual Automobile Insurance company for a summary judgment in its favor declaring that plaintiff, Rent-A-Wreck of America, Inc. ("Rent-A-Wreck") has the primary obligation to cover the claims of James Smith. On May 24, 1997, Rent-A-Wreck rented a 1994 Ford van to Jonathan Cummings and Everlena Griffin for a term of one week. On May 25, 1997, the van was being driven by Jonathan Cummings on a public highway in Alabama, when it left the road. James Smith was occupying the van at the time and was injured in the accident. Smith has made bodily injury claims based upon that accident. Rent-A-Wreck filed this action seeking a declaration that State Farm, as the liability insurer of Everlena Griffin, is obligated to provide primary liability coverage as to the claims of James Smith.

16

Under the heading "Your Insurance is Primary; Ours is Secondary," the Rent-A-Wreck rental agreement provides as follows:

> You represent to us on the other side of this form that you carry automobile liability insurance in at least the minimum amounts prescribed by law. Your automobile insurance, including liability for bodily injury and property damage, no-fault, uninsured motorist, collision and comprehensive, will be used to pay any damages due third parties as well as to cover damage to, or loss of the Vehicle incurred during the Rental Period. <u>We provide liability insurance through a basic automobile liability policy or in accordance with the requirements of a qualified self-insurer (the "Policy"). The Policy is in excess of your insurance unless the law of the state in which the rental transaction occurs requires the Policy to be primary. The Policy provides only the minimum limits prescribed by the financial responsibility laws of this state</u> . . . . You will indemnify us for all losses in excess of available insurance that we are obligated to pay to any other person because of your negligence.

(Emphasis added).

State Farm issued a policy of liability insurance to Everlena Griffin insuring a 1993 Toyota Camry. That policy provides as follows with respect to other liability coverage:

> Temporary Substitute Car, Non-Owned Car, Trailer
>
> If a ***temporary substitute car,*** a ***non-owned car*** . . . has other vehicle liability coverage on it, then this coverage is excess.

(See 6025V Amendatory Endorsement.) Based on these provisions, State Farm argues that Rent-A-Wreck's liability coverage is primary with respect to the rental vehicle and any insurance coverage afforded by the State Farm policy is secondary.

2

It is undisputed that both the State Farm insurance policy and the rental agreement were issued in South Carolina, and, therefore, the law of South Carolina controls the insurance coverage issues and the question of Rent-A-Wreck's obligations based upon the rental contract. Motor vehicle liability insurance in South Carolina is governed by the Motor Vehicle Financial Responsibility Act ("MVFRA") The MVFRA provides that each owner of a motor vehicle (in this case Rent-A-Wreck) "shall maintain the security required by Section 56-10-20 with respect to each motor vehicle owned by him . . . ." S.C. Code Ann. § 56-10-10. Section 56-10-20 provides that "[t]he security required under this chapter is a policy or policies written by insurers authorized to write such policies in South Carolina providing for at least (1) the minimum coverages specified in Sections 38-77-140 through 38-77-230 . . . ." The MVFRA also allows the owner of more than 25 vehicles to be self-insured. S.C. Code Ann. § 56-9-60. Rent-A-Wreck qualifies under that section as a self-insurer.

The question presented is whether the exclusion contained in the rental agreement violates the MVFRA. Although not cited by either party, <u>Potomac Ins. Co. v. Allstate Ins. Co.</u>, 173 S.E. 2d 653 (S.C. 1970), provides the answer. In that case, Potomac Insurance Company issued a garage liability policy insuring Williams Chevrolet. The policy covered vehicles owned by Williams subject to a "limited coverage endorsement." Williams, while it was repairing a vehicle for one S. M. White, loaned White a vehicle. This vehicle was owned by Williams and insured by Potomac. While using the loaned

3

vehicle, White was involved in a serious accident. At the time of the accident White had in effect an automobile liability policy with Allstate Insurance Company that provided that its coverage with respect to a non-owned automobile would be excess coverage in the event there was other valid and collectible insurance on the non-owned car. The vehicle loaned to White by Williams qualified as a non-owned vehicle under the terms of the Allstate policy.

The "limited coverage endorsement" contained in the Potomac policy purportedly afforded coverage to White only under the terms of the following paragraph of that endorsement:

> (b) any other person [in this case White], but only if no other valid and collectible automobile liability insurance either primary or excess, with limits of liability at least equal to the minimum limits specified by the financial responsibility law of the stat in which the automobile is principally garaged, is available to such person . . . .

173 S.E. 2d at 654-55. The effect of this exclusion would be to exclude coverage to White under the Potomac policy because of his coverage under the Allstate policy. The court in Potomac was called upon to determine whether the exclusion in the Potomac policy was valid in light of the MVFRA. The MVFRA in effect at the time, which is in pertinent part identical to the corresponding current MVFRA section, defined "insured" as follows:

> The term "insured" means the named insured . . . and any person who uses, with the consent, express or implied of the named insured, the motor vehicle to which the policy applies . . . .

4

173 S.E. 2d at 655 (omissions in original). The then current MVFRA also provided as follows:

> No policy or contract of bodily injury liability insurance or of property damage liability insurance, covering liability arising from the ownership, maintenance or use of any vehicle shall be issued or delivered in this State to the owner of such vehicle, or shall be issued or delivered by an insurer licensed in this State upon any motor vehicle then principally garaged or principally used in this State, unless it contains a provision insuring the persons defined as insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicles within the United States of America . . . subject to limits exclusive of interest and cost, with respect to each motor vehicle, as follows: . . . .

173 S.E. 2d at 655. This section of the then current MVFRA is also substantially identical to the corresponding section of the current MVFRA.[1]

The court in <u>Potomac</u> was faced with the question of whether the Potomac exclusionary endorsement was invalid in light of the above provisions of the MVFRA. It concluded as follows:

> Under the facts of this case, White, by virtue of the statutory law, was fully covered by Potomac's policy up to the statutory limits, despite the exclusionary endorsement inserted in Potomac's policy. Whether the endorsement constituted an attempt to redefine the term "insured" in contravention of the statute, or, on the other hand, sought to afford White only conditional or contingent coverage, as opposed to the full and effective coverage required by the statutory law, makes little difference as in either

---

[1] Since the State Farm policy issued to Everlena Griffin was neither liability insurance issued to the owner of the vehicle involved in the wreck, nor liability insurance issued upon the vehicle involved in the wreck, the MVFRA does not apply. Therefore, State Farm was free to provide that coverage with respect to a non-owned car is excess.

5

event the endorsement is invalid because not in accord with the statutory law.

173 S.E. 2d at 655. Therefore, policies of insurance subject to the South Carolina MVFRA must provide primary liability coverage to, in the words of the MVFRA, "any person who uses, with the consent express or implied, of the named insured, the motor vehicle to which the policy applies." Clearly Jonathan Cummings was such a person.

Had Rent-A-Wreck purchased an insurance policy on the vehicle involved in the wreck that contained the exclusionary language found in the rental agreement, such provision would clearly be void based upon Potomac. The only factor that might possibly distinguish the present case from Potomac is the fact that Rent-A-Wreck is self-insured.

The effect of the MVFRA in cases of self-insurance was addressed by Southern Home Insurance Co. v. Burdette's Leasing Service, Inc., 234 S.E. 2d 870 (S.C. 1977). In Southern Home, Burdette's Leasing Service, Inc., which was self-insured, leased a vehicle containing a clause that attempted to make the lessee's insurance policy primary. In considering what coverage the MVFRA requires of a self-insured owner of a motor vehicle, the court reasoned as follows:

> We think it was the intention of the legislature that a self-insurer provide the same protection to the public that a statutory liability policy provides. A self-insurer substitutes for an insurance policy to the extent of the statutory policy requirements. Therefore, we hold that Burdette's does self-insure the operation of its motor vehicles by persons using with consent, express or implied.

234 S.E. 2d at 872. The court concluded its opinion as follows:

      The last question submitted is, "Can a person rent a car to someone with the understanding that such bailee's own insurance will be responsible?" The statute and not the parties determines the rights of injured parties and any contract inconsistent therewith is not binding. Accordingly, any effort on the part of Burdette to relieve itself of a liability imposed by law is void, at least insofar as an injured third party's claim is concerned.

234 S.E. 2d at 873.

      <u>Southern Home</u> makes it clear that, Rent-A-Wreck, as a self-insurer, may not relieve itself of the obligation to provide coverage in conformity with the requirements of the MVFRA. <u>Potomac</u> requires that Rent-A-Wreck's coverage be primary and its attempt in the rental policy to provide otherwise is void. Therefore, State Farm is entitled to a summary judgment as a matter of law declaring that Rent-A-Wreck has the primary obligation to cover the claims of James Smith against Everlena Cummings to the extent of the minimum limits of the South Carolina Motor Vehicle Financial Responsibility Act. This declaration would appear to resolve all issues raised in Rent-A-Wreck's complaint for declaratory relief. Therefore, the court will enter the declaration as a final judgment in this action.

      An appropriate order will be entered contemporaneously herewith.

DONE this 25th day of January 2000.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.